**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 23-cr-00223-LKG |
| | ) | |
| DEANGELO LEWIS, *et al.*, | ) | Dated:  May 5, 2025 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER
ON DEFENDANT LEWIS' PRETRIAL MOTIONS**

**I.      INTRODUCTION**

Defendant Deangelo Lewis has filed the following pre-trial motions: (1) a motion to sever Count X of the Indictment (ECF No. 52); (2) a motion to dismiss Count X of the Indictment (ECF No. 53); (3) a motion to suppress the fruits of the search of 4645 Dallas Place, Apt. 001, Temple Hills, Prince George's County, Maryland (ECF No. 56); and (4) a motion to suppress the fruits of the search of an Instagram account (ECF No. 57).  These motions are fully briefed.  ECF Nos. 52, 53, 56, 57, 58 and 59.  The Court held a hearing on the motions on April 23, 2025.  ECF No. 63.  For the reasons that follow, and stated during the April 23, 2025, hearing, the Court: (1) **DENIES** Defendant Lewis' motion to dismiss Count X of the Indictment (ECF No. 53); (2) **GRANTS** Defendant Lewis' motion to sever Count X of the Indictment (ECF No. 52) and **SEVERS** Count X from the remaining counts in this case for the purposes of trial; (3) **DENIES** Defendant Lewis' motion to suppress the fruits of the search of 4645 Dallas Place, Apt. 001, Temple Hills, Prince George's County, Maryland (ECF No. 56); and (4) **DENIES** Defendant Lewis' motion to suppress the fruits of the search of an Instagram account (ECF No. 57).

**II.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

On June 28, 2023, a Federal Grand Jury sitting in the District of Maryland returned an Indictment charging Defendant Deangelo Lewis with: Conspiracy to Commit Mail Fraud and

---

[1] The facts recited in this memorandum opinion are derived from the Indictment; the Defendant's pretrial motions; the Government's response in opposition thereto; and the parties' exhibits attached to their filings.  ECF Nos. 1, 52, 53, 56, 57, and 58.

Bank Fraud, in violation of 18 U.S.C. § 1349 (Count I); Bank Fraud, in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2 (Counts II and III); Theft of Mail Matter, in violation of 18 U.S.C. § 1708 and 18 U.S.C. § 2 (Count V); Robbery of United States Property, in violation of 18 U.S.C. § 2114(a) and 18 U.S.C. § 2 (Count VI); Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) & (ii) (Count VIII); Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o) (Count X); and Unlawful Possession of Postal Service Keys, in violation of 18 U.S.C. § 1704 and 18 U.S.C. § 2. (Counts XI and XII). ECF No. 1. On February 2, 2024, the Defendant appeared before the Court for an initial appearance and arraignment, during which he pled not guilty to the offenses charged. ECF No. 28.

<u>The Nature Of The Offenses</u>

The Indictment alleges that, between January 31, 2022, and November 8, 2022, the Defendants, including Mr. Lewis, were involved in a conspiracy to commit mail fraud and bank fraud and robbed United States Postal Service ("USPS") mail carriers of arrow keys that provide access to USPS mail collection boxes. ECF No. 1 at 1-4. The Indictment also alleges that the Defendants used the arrow keys to access authorized USPS collection boxes to take mail matter, including checks placed in the mail. *Id*. at 3. The Indictment alleges that the Defendants then altered and cashed the checks at various ATMs and financial institutions to fraudulently obtain funds. *Id*. at 3-4.

<u>The State Search Warrant</u>

On September 27, 2022, Prince George's County Judge Peter Killough approved a search warrant (the "State Search Warrant") authorizing the search of 4645 Dallas Place, Apt. 001 located in Temple Hills, Maryland 20748 (the "Dallas Place Apartment"). *See* ECF No. 56-1. Detective B. Stokes of the Prince George's County Police Department provided the application and affidavit supporting the State Search Warrant. *Id*.

The affidavit accompanying the State Search Warrant application provides several facts to connect the Defendant to criminal activity involving automobile theft and financial fraud, and to the Dallas Place Apartment. *See id*. Specifically with regards to automobile theft, Detective Stokes states in his affidavit that Mr. Lewis was observed driving vehicles on June 21, 2022, August 4, 2022, and August 31, 2022, that were later revealed to be stolen and to have counterfeit VINs. *Id*. at 4-5.

The application and affidavit supporting the State Search Warrant also provide evidence connecting Mr. Lewis to the Dallas Place Apartment.  Notably, the application and affidavit provide that: (1) on September 8, 2022, Mr. Lewis called the police to report that he was carjacked at gunpoint, and once officers arrived on the scene, Mr. Lewis went into the Dallas Place Apartment with a key to retrieve a license plate; (2) on September 19, 2022, police officers executed a search warrant on a vehicle that Mr. Lewis reported stolen and obtained mail bearing Mr. Lewis' name and the address of the Dallas Place Apartment; and (3) law enforcement conducted surveillance near Dallas Drive and Dallas Place on August 31, 2022 and September 21, 2022 and observed Mr. Lewis in the area.  *Id*. at 4-6.

Lastly, Detective Stokes states in his affidavit that he has personal knowledge that individuals involved in stealing motor vehicles "often carry weapons, including firearms, to protect their stolen products or protect themselves." *Id*. at 7.  And so, Judge Killough approved the State Search Warrant and permitted, among other things, the seizure of evidence that would identify suspects or co-conspirators of auto-theft, "[a]ny materials utilized for altering checks, to include chemicals, or mechanical devices," and "[a]ny and all illegal contraband." *Id*. at 11.

On or about September 29, 2022, the Prince George's County Police Department executed the State Search Warrant and recovered, among other things, a Glock handgun with modifications to the slide and slide cover plate.  ECF No. 56 at 1; ECF No. 58-1 at 1.

<u>The Federal Search Warrant</u>

On June 27, 2023, Chief Magistrate Judge Timothy J. Sullivan of the United States District Court for the District of Maryland approved a search warrant to search three Instagram accounts relevant to this case, including an account identified as belonging to the Defendant with the username "Envy_dlow" (the "Federal Search Warrant").  *See* ECF No. 57-1; ECF No. 57 at 4.  United States Postal Inspector John Lee provided the affidavit in support of the Federal Search Warrant application.  ECF No. 57-1.

The affidavit accompanying the Federal Search Warrant contains several facts connecting the Defendant to the Instagram account at issue and indicating that this Instagram account was likely to contain evidence of a crime.  Specifically, with regards to the Defendant's connection to the Instagram account, Inspector Lee states in his affidavit that law enforcement conducted a search of public social media accounts for the Defendant and found that the "Envy_dlow" account contained images of the Defendant, which law enforcement confirmed by comparing the

images to the Defendant's other public records. *Id*. at 15.  Inspector Lee also provides posts and comments found on the public Instagram account, including pictures of mobile banking accounts and associated captions, that he attests to know from his training and experience are typically associated with fraudulent activity. *See id*. at 16-25 (providing captions such as, "Bring Me All Boas," "Big Wipe," "All Navys Tap In" and "I need all TD's right now 50k same day NO CAP," among others).

In addition, Inspector Lee states in his affidavit that he is aware through his training and experience that individuals who execute fraudulent schemes, such as the one at issue in this case, use direct messaging through apps such as Instagram to communicate with coconspirators about their fraudulent activities, and store information.[2]  *Id*. at 25.  And so, Magistrate Judge Sullivan approved the Federal Search Warrant and authorized the search of the three target accounts addressed in the warrant, including the account "Envy_dlow."  *Id*. at Attachment B, 1-5.

<u>Relevant Procedural History</u>

On January 26, 2025, the Defendant filed a motion to sever Count X of the Indictment and a motion to dismiss Count X of the Indictment.  ECF Nos. 52 and 53.  On February 5, 2025, the Defendant filed a motion to suppress the fruits of the search of 4645 Dallas Place, Apt. 001, Temple Hills, Prince George's County, Maryland and a motion to suppress the fruits of the search of an Instagram account.  ECF Nos. 56 and 57.  On February 26, 2025, the Government filed a consolidated response in opposition to the Defendant's motions.  ECF No. 58.  On February 27, 2025, the Defendant filed a reply brief.  ECF No. 59.

The Court held a hearing on these motions on April 23, 2025.  ECF No. 63.  The Defendant's motions having been fully briefed, the Court resolves the pending motions.

## III.    STANDARDS OF DECISION

### A.  The Second Amendment

The Second Amendment provides that: "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

---

[2] Inspector Lee also states that the Postal Inspectors received an anonymous tip on July 7, 2022.  ECF No. 57-1 at 6.  Inspector Lee goes on to state that "[t]he tipster stated that he knew the individual who committed the robberies personally, the individual had sold at least one arrow key via Instagram, and that the tipster had a screenshot of the Instagram post."  *Id*.  "The tipster sent Postal Inspectors a screenshot of the post along with a picture of a DC driver's license" bearing the Defendant's name.  *Id*.  Inspector Lee states that "Postal Inspectors asked the caller if the individual on the license was the one who did the robberies, and the caller confirmed that he was."  *Id*.

U.S. Const. amend. II.  When a firearm regulation is challenged under the Second Amendment, the Government must show that the restriction "is consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1, 24 (2022). In this regard, the Supreme Court has held that the history and tradition of firearm regulation supports the limitation of carrying "dangerous and unusual weapons." *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008); *see also United States v. Hunt*, 123 F.4th 697, 700 (4th Cir. 2024) (holding that *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1, 24 (2022) did not meet the "Court's stringent test for abrogating otherwise-controlling circuit precedent" and that the United States Court of Appeals for the Fourth Circuit's "precedent on as-applied challenges thus remains binding.").

### B. Severance

Pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, an indictment may charge a defendant in separate counts with two or more offenses if: (1) the offenses charged are of the same or similar character; (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan.  Fed. R. Crim. P. 8(a).  The United States Court of Appeals for the Fourth Circuit has interpreted the second and third elements of this rule flexibly, requiring that the joined offenses have a "logical relationship" to one another.  *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005); *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992).  A logical relationship exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise.  *Cardwell*, 433 F.3d at 385.  But "Rule 8(a) is 'not infinitely elastic,' … because unrelated charges create the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense."  *Id.* (citing *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003)); *see also Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) ("An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence.").

If the proper joinder of offenses in an indictment appears to prejudice a defendant, the Court may order a separate trial of the counts.  Fed. R. Crim. P. 14(a).  The party seeking severance has the burden of demonstrating a strong showing of prejudice.  *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008).  And so, the Fourth Circuit has recognized that prejudice to a defendant is sufficient to justify severance "if there is a serious risk that a joint trial would . . .

prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012).

### C.  The Fourth Amendment

Lastly, the Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures and provides that "no Warrants shall issue, but upon probable cause supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  And so, under the Fourth Amendment, all searches and seizures must be reasonable, and a search warrant may not issue unless probable cause is properly established and the scope of the authorized search is set out with particularity. *Kentucky v. King*, 563 U.S. 452, 459 (2011).  Probable cause turns on a "totality-of-the-circumstances analysis" and requires "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit. . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Relevant to the pending motion, the Court must ensure that the judge that issued the search warrant had a "substantial basis" for concluding that probable cause existed when resolving a motion to suppress evidence seized pursuant to a search warrant. *Id*. at 238-39. When reviewing the warrant application, the issuing judge may draw reasonable inferences from the facts stated, even when the affidavit supporting the warrant "contains no factual assertions directly linking the items sought to the defendant's residence." *United States v. Grossman*, 400 F.3d 212, 217 (4th Cir. 2005).  In this regard, "the nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *United States v. Doyle*, 650 F.3d 460, 471 (4th Cir. 2011) (citing *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988)).  In addition, items may be lawfully seized pursuant to a valid search warrant if those items are objectively potential fruits, evidence, or instrumentalities of a crime. *United States v. Kimble*, 855 F.3d 604, 611-12 (4th Cir. 2017); *see also United States v. Srivastava*, 540 F.3d 277, 287 (4th Cir. 2008) ("In analyzing the constitutionality of a search warrant's execution, we must conduct an objective assessment of the executing officer's actions in light of the facts and circumstances confronting him at the time, rather than make a subjective evaluation of the officer's actual state

of mind at the time the challenged action was taken." (alteration and internal quotation marks omitted) (quoting *Maryland v. Macon*, 472 U.S. 463, 470-71 (1985)).

## IV.    ANALYSIS

### A.  The Court Denies The Defendant's Motion To Dismiss Count X Of The Indictment

As an initial matter, the Court denies the Defendant's motion to dismiss Count X of the Indictment—possession of a machine gun in violation of 18 U.S.C. § 922(o)—upon Second Amendment grounds.  The Court is satisfied that Section 922(o) is constitutional as-applied to the Defendant in this matter.

As the Court observed during the April 23, 2025, hearing, the Supreme Court has recognized the long-standing history and tradition of regulating "dangerous and unusual weapons."  *Heller*, 554 U.S. at 627.  The Fourth Circuit has also made clear that recent Supreme Court cases do not abrogate this precedent.  *Hunt*, 123 F.4th at 700.

In this case, the evidence before the Court shows that the Defendant is charged with possessing a machine gun, which is a "dangerous and unusual weapon."  *See, e.g.*, *United States v. Lane*, 689 F. Supp. 3d 232, 252 (E.D. Va. 2023) (citing cases).  Given this, the application of Section 922(o) to the Defendant's conduct in this case does not violate the Second Amendment.  *See* ECF No. 1 at 12; ECF No. 66 (Exhibit No. 3, "4 pictures of a handgun").  And so, the Court DENIES Mr. Lewis' motion to dismiss Count X of the Indictment (ECF No. 53).

### B.  The Court Grants The Defendant's Motion To Sever Count X Of The Indictment

The Defendant's motion to sever is on firmer footing.  The Defendant persuasively argues that he would be prejudiced by the joinder of the machine gun possession offense and the other offenses charged against him in this case at trial.

As an initial matter, there is some concern in this case that the machine gun possession charge in Count X of the Indictment lacks a logical connection to Counts VI and VIII of the Indictment, which charge the Defendant with Robbery of United States Property, in violation of 18 U.S.C. § 2114(a) and 18 U.S.C. § 2, and Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence,  in violation of 18 U.S.C. § 924(c)(1)(A)(i) & (ii).  Under Rule 8(a) of the Federal Rules of Criminal Procedure, an indictment may charge a defendant in separate counts with two or more offenses if: (1) the offenses charged are of the same or similar

character; (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). In this regard, the Fourth Circuit has interpreted the second and third elements of this rule flexibly, requiring that the joined offenses have a "logical relationship" to one another. *Cardwell*, 433 F.3d at 385; *Hirschfeld*, 964 F.2d at 323.

Here, the Indictment makes clear that the offenses charged in Counts X, VI and VIII are not temporally connected, because the Indictment alleges that the conduct described in Count X occurred on or about September 29, 2022, while the conduct described in Counts VI and VIII occurred approximately four months earlier, on May 25, 2022. ECF No. 1 at 8, 10 and 12.

The Indictment also does not link the machine gun at issue in Count X to the alleged Robbery of United States Property, in violation of 18 U.S.C. § 2114(a) and 18 U.S.C. § 2 (Count VI) and Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) & (ii) (Count VIII). *See id*. Given this, the Court has some concern that the Indictment does not establish a logical connection between Count X and the other charges brought against the Defendant in this case. Fed. R. Crim. P. 8(a); *Cardwell*, 433 F.3d at 385.

More importantly, the Court is concerned that the Defendant would be prejudiced by the joinder of Count X with Counts VI and VIII for the purposes of the trial in this matter. "If the joinder of offenses or defendants in an indictment. . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); *see also Hornsby*, 666 F.3d at 309 (prejudice against a defendant is sufficient to justify severance "if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence.").

In this case, the Defendant persuasively argues that the jury would likely view the machine gun at issue in this case as a dangerous and violent weapon and to consider the Defendant's possession of such a firearm to show that the Defendant is predisposed to criminal and violent behavior. Given this, the Court is concerned that evidence regarding the Defendant's possession of a machine gun could unfairly influence the jury's consideration of the other Counts in this case, to the substantial prejudice of the Defendant. *Hornsby*, 666 F.3d at 309. And so, the

Court: (1) GRANTS the Defendant's Lewis' motion to sever Count X of the Indictment and (2) SEVERS Count X from the remaining counts in this case for the purposes of trial.

### C. The Court Denies The Defendant's Motion To Suppress Evidence Obtained From The Search Of The Dallas Place Apartment

Turning to the Defendant's motion to suppress certain evidence obtained during the search of the Dallas Place Apartment, the Court must DENY this motion. As the Court observed during the April 23, 2025, hearing, the evidence before the Court shows that the State Search warrant is supported by probable cause for two reasons.

First, the evidence before the Court shows that Judge Killough had a substantial basis to determine that the State Search Warrant was supported by probable cause. When addressing the Defendant's motion to suppress evidence seized pursuant to a search warrant, the Court must ensure that the judge that issued the State Search Warrant had a "substantial basis" for concluding that probable cause existed. *Gates*, 462 U.S. at 238-39. Probable cause turns on a "totality-of-the-circumstances analysis" and requires "a practical, common-sense decision whether. . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238.

Here, the evidence makes clear that the State Search Warrant was supported by evidence connecting the Defendant to automobile theft. Notably, Detective Stokes state in the affidavit supporting the State Search Warrant that Mr. Lewis was observed driving vehicles on June 21, 2022, August 4, 2022, and August 31, 2022, that were later revealed to be stolen and have counterfeit VINs. ECF No. 56-1 at 4-5.

The search warrant application and affidavit for the State Search Warrant also connect the Defendant to the Dallas Place Apartment. In this regard, the application and affidavit provide that: (1) on September 8, 2022, Mr. Lewis called the police to report that he was carjacked at gunpoint, and once officers arrived on the scene, the Defendant went into the Dallas Place Apartment with a key to retrieve a license plate; (2) on September 19, 2022, police officers executed a search warrant on a vehicle that the Defendant reported stolen and obtained mail bearing the Defendant's name and the address of the Dallas Place Apartment; and (3) law enforcement conducted surveillance near Dallas Drive and Dallas Place on August 31, 2022 and September 21, 2022 and observed the Defendant in the area. *Id*. at 4-6.

Given these facts, the Court is satisfied that Judge Killough permissibly drew a normal inference that fruits, evidence, or instrumentalities of a crime would be found at the Dallas Place Apartment. *Doyle*, 650 F.3d at 471. And so, Judge Killough had a substantial basis to determine there was probable cause to support the warrant. *Grossman*, 400 F.3d at 217.

The evidence before the Court also makes clear that the seizure of the machine gun during the search of the Dallas Place Apartment was authorized by the State Search Warrant, because the machine gun was likely to be evidence of the crime of automobile theft. It is well-established that items may be lawfully seized pursuant to a valid search warrant if those items are objectively potential fruits, evidence, or instrumentalities of a crime. *Kimble*, 855 F.3d at 611-12; *see also Srivastava*, 540 F.3d at 287. Here, the evidence shows that law enforcement lawfully seized the machine gun during the search of the Dallas Place Apartment, because the machine gun fell within the scope of the items to be seized in the State Search Warrant. Notably, the application and affidavit supporting the State Search Warrant state that the affiant had been investigating the Defendant and that this investigation revealed evidence of automobile theft and fraudulent financial transactions. *See* ECF No. 56-1. In addition, Detective Stokes states in his affidavit that he has personal knowledge that individuals involved in stealing motor vehicles "often carry weapons, including firearms, to protect their stolen products or protect themselves." *Id.* at 7. Given this, the Court is also satisfied that it was objectively reasonable that the officers executing the State Search Warrant would consider the firearm seized during the search of the Dallas Place Apartment to be the fruits, evidence, or instrumentalities of the crime of automobile theft. *Kimble*, 855 F.3d at 611-12; *see also Srivastava*, 540 F.3d at 287.[3]

For these reasons, the Court DENIES the Defendant's motion to suppress.

### D. The Court Denies The Defendant's Motion To Suppress Evidence Obtained From The Search Of The Instagram Account

As a final matter, the Court also denies the Defendant's motion to suppress certain evidence obtained from the search of an Instagram account, because the evidence before the Court shows that there was substantial basis for Magistrate Judge Sullivan to conclude that there was probable cause to support the Federal Search Warrant. As discussed above, the Court determines whether the judge that issued the warrant had a "substantial basis" for concluding that

---

[3] In addition, the State Search Warrant authorizes that "[a]ny and all illegal contraband" may be seized. *See* ECF No. 56-1 at 9. Given this, the firearm at issue fell within the scope of the items that could be seized, pursuant to the State Search Warrant.

probable cause existed to resolve a motion to suppress evidence seized pursuant to a search warrant. *Gates*, 462 U.S. at 238-39. This standard is met here for two reasons.

First, a careful review of the affidavit supporting the Federal Search Warrant shows that this warrant is supported by evidence connecting the Instagram account at issue to criminal activity. Specifically, Inspector Lee identifies several public posts and comments on the subject Instagram account, including pictures of mobile banking accounts and associated captions, that he states are associated with fraudulent and criminal activity. *See* ECF No. 57-1 at 16-25 (providing captions such as, "Bring Me All Boas," "Big Wipe," "All Navys Tap In" and "I need all TD's right now 50k same day NO CAP," among others). Inspector Lee also states in his affidavit that he is aware through his training and experience that individuals who execute fraudulent schemes, such as the one at issue in this case, use direct messaging through apps such as Instagram to communicate with coconspirators about their fraudulent activities, and store information. *Id.* at 25.

The affidavit to support the Federal Search Warrant also contains facts to link the Defendant to the Instagram account at issue. In this regard, Inspector Lee states in his affidavit that the Instagram account contains several images of the Defendant. *Id.* at 15.

Given this, the Court is also satisfied that Magistrate Judge Sullivan had a substantial basis to determine that probable cause existed to approve the Federal Search Warrant. *Gates*, 462 U.S. at 238.[4] And so, the Court DENIES Mr. Lewis' motion to suppress evidence obtained from the search of the Instagram account and request for a *Frank's* hearing.[5]

## V.    CONCLUSION

For the foregoing reasons, and for those stated during the hearing, the Court:

---

[4] The Defendant's argument that the Federal Search Warrant was not supported by probable cause, because it was based on anonymous tip is also unconvincing. Inspector Lee's affidavit provides ample evidence, other than the anonymous tip, that connects the Defendant to the Instagram account and showing that the Instagram account was likely to contain evidence of criminal activity. *See* ECF No. 57-1.

[5] The Court also denies the Defendant's request for a *Frank's* hearing, because there is no objective evidence to show that Inspector Lee made a false statement regarding receiving an anonymous tip. *See* ECF No. 57-1 at 6-8; *United States v. Moody*, 931 F.3d 366, 370-71 (4th Cir. 2019) (To obtain a *Franks* hearing, a defendant must make a "substantial preliminary showing" that: (1) law enforcement made "a false statement" (2) the false statement was made "knowingly and intentionally, or with reckless disregard for the truth" and (3) the false statement was "necessary to the finding of probable cause."). And so, the Defendant cannot meet his burden for a *Frank's* hearing. *Moody*, 931 F.3d at 370-71.

(1) **DENIES** Defendant Lewis' motion to dismiss Count X of the Indictment (ECF No. 53);

(2) **GRANTS** Defendant Lewis' motion to sever Count X of the Indictment (ECF No. 52) and **SEVERS** Count X from the remaining counts in this case for the purposes of trial;

(3) **DENIES** Defendant Lewis' motion to suppress the fruits of the search of 4645 Dallas Place, Apt. 001, Temple Hills, Prince George's County, Maryland (ECF No. 56); and

(4) **DENIES** Defendant Lewis' motion to suppress the fruits of the search of an Instagram account (ECF No. 57).

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

12